624 A.2d 1027

ASSOCIATION OF MUNICIPAL ASSESSORS OF NEW JERSEY, A CORPORATION NOT–FOR–PROFIT, AND A. HOBART GRANT, TAX ASSESSOR OF THE BOROUGH OF MERCHANTVILLE, PLAINTIFFS–APPELLANTS, v. BOROUGH OF MERCHANTVILLE AND MAYOR AND COUNCIL OF THE BOROUGH OF MERCHANTVILLE, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 10, 1993—Decided May 20, 1993.

Before Judges KING, BRODY and THOMAS.

*Peter J. Zipp* argued the cause for appellants (*Rosenblum & Rosenblum*, attorneys; *Mr. Zipp*, on the brief).

*Frank V. Tedesco* argued the cause for respondents (*Jubanyik, Varbalow, Tedesco, Shaw & Shaffer*, attorneys; *Mr. Tedesco*, on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

Plaintiff A. Hobart Grant (plaintiff) was defendant's part-time tax assessor in 1990, when his annual salary was $4,000. He brought this action because he did not receive a raise in that year's salary ordinance even though full-time borough officers and employees received raises ranging from 3.13% to 13.33%. His

claim for relief is based upon a portion of *N.J.S.A.* 40A:9–165 (the statute), which then provided:

> No such [salary] ordinance shall reduce the salary of, or deny without good cause an increase in salary given to all other municipal officers and employees to, any tax assessor, tax collector or municipal clerk during the term for which he shall have been appointed.[1]

Plaintiff contends that defendant did not have "good cause" to deny him a raise.

In the course of a bench trial, defendant presented evidence that it gave raises to full-time officers and employees that year but not to part-time officers and employees because of the budgetary "cap" provisions of the Local Budget Law, *N.J.S.A.* 40A:4–1 to –87, and the heavy burden of taxation on its citizens. It argued that these circumstances constituted "good cause" for denying plaintiff, a part-time officer, a raise. The trial judge did not reach the issue of "good cause." He held that defendant did not violate the statute because no part-time officer or employee received a raise and therefore plaintiff was not denied a raise that "all other municipal officers and employees" received. We disagree with the judge's holding and reject defendant's contention that it had "good cause" for denying plaintiff a raise.

The evidence at trial does not disclose how many officers and employees were full time nor does the evidence disclose the percentage of the salary budget allocated to full-time officers and employees. It is fair to infer, however, that by far most officers and employees were full time and their percentage of the salary budget was substantial. The parties stipulated that if all the part-time officers and employees had received 5.5% raises, the dollar amount of those raises would be only $1,003.75.

We have previously rejected a literal interpretation of the word "all" in the statute that would enable a municipality to deprive an officer such as plaintiff of its protection by simply not giving a raise to one other officer or employee. Such an interpretation

---

[1] The statute has since been amended to extend its protection to chief financial officers. *L.*1991, *c.* 175, § 14.

would assure a protected officer of "no greater salary increase than that given a newly hired clerk or laborer." *Haus v. Mayor and Council,* 237 N.J.Super. 558, 562–63, 568 A.2d 569 (App.Div. 1990). Instead, the statute requires a protected officer to show that salary increases provided generally to other officers and employees exceeded his or her salary increase. *Id.* at 564, 568 A.2d 569. Plaintiff has shown that defendant generally provided other officers and employees salary increases for 1990.

Defendant offered two reasons as "good cause" for not providing plaintiff a salary increase. It first contended that budgetary cap laws and the limited resources of its taxpayers did not allow it to give a salary increase to all its officers and employees. That may be good cause for keeping down salaries, but it is not good cause for giving raises to most officers and employees at the expense of a protected officer. Even if a municipality may validate a salary disparity for economic reasons, it must also justify the disparity "in light of the legislative policy to afford economic protection to the holders of these offices." *Ibid.*

Defendant's main justification for denying plaintiff a raise is that no part-time officer or employee received a raise that year. Defendant's Mayor explained why part-time employees were treated differently:

> Well, I think the general consensus is that the full-time employees deserve review and increase to at least as best as possible maintain parity with the cost of living if not some merit increases in cases where the performance warrants it. The consensus, I think, with regards to the part-time employees was that it was again a category of people who provide a quasi-volunteer service to the community with some small remuneration, just as the Mayor and Council. We have to consider ourselves part-time employees.[2] We are contributing to our community and as such didn't warrant increases given the constraints of the budget.

Treating the tax assessor as a "quasi-volunteer", an amateur in the literal sense, offends the purpose of the statute, which is to assure protected officers and employees fair salaries "to enhance professionalism" in their offices. *Id.* at 562, 568 A.2d 569. The

---

[2] Members of defendant's governing body received no raises under the 1990 salary ordinance.

fact that the assessor may be part time is no reason to deny him the protection afforded by the statute. The Legislature anticipated that tax assessors, though entitled to such protection, may be part time when it authorized them to be appointed in more than one municipality. *N.J.S.A.* 40A:9–146.4.

It appears from the previously mentioned stipulation that if plaintiff is entitled to a salary increase for 1990, a 5.5% increase, *i.e.* a $220 increase, would be fair. We will therefore exercise original jurisdiction, *R.* 2:10–5, and order that judgment be entered in favor of plaintiff in that amount together with interest.

The judgment is reversed and the matter remanded so that judgment may be entered in favor of plaintiff in the amount of $220 together with interest.